IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT BYNUM, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-05395 |
| | : | |
| v. | : | |
| | : | |
| OFFICIAL OFFICER MURRAY, et al., | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF CORRECTIONAL OFFICERS MURRAY, BRICE AND PAVALKO TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

The Defendants, Correctional Officers Murray, Brice and Pavalko, by and through their attorneys, the MacMain Law Group, LLC, hereby file their Answer to Plaintiff's Complaint with Affirmative Defenses, denying each and every averment contained therein unless expressly admitted herein and in support thereof aver as follows:

**I.      Parties in This Complaint**:

A.      Denied as stated. It is admitted only that Vincent Bynum is the identified Plaintiff in this action. It is denied that he is currently incarcerated at the Berks County Jail System. Any remaining averments are denied.

B.      1-3.    Admitted in part and denied in part. It is admitted only that Correctional Officers Murray, Brice and Pavalko are named as Defendants in this action and that they are currently employed by the County of Berks as Correctional Officers at the Berks County Jail System. The remaining averments are denied.

      4.     Denied. The averments in this paragraph are addressed to parties other than Answering Defendants. Therefore, no responsive pleading is required of Answering Defendants.

## II. Statement of Claim

A-C.    Admitted in part and denied in part. It is admitted only that on October 12, 2018 the Plaintiff was removed from his cell to be examined by a nurse after he complained of a medical condition. After being checked by the nurse, the Plaintiff refused to return to his cell and became agitated and physically resistant with correctional staff. Appropriate force was necessary and used to gain control of the Plaintiff and overcome his resistance. The remaining averments in this paragraph are denied.

## III. Injuries

Denied.

## IV. Exhaustion of Administrative Remedies

A-G.    Admitted in part and denied in part. It is admitted only that the Berks County Jail System has a grievance procedure available to inmates that covers the types of claims that the Plaintiff alleges in this action. It is denied that the Plaintiff has any valid claims and it is denied that the Plaintiff exhausted his administrative remedies. All remaining averments in these paragraphs are denied.

## V. Relief

The averments in this section/paragraph of Plaintiff's Complaint are denied.

## VI. Previous Lawsuits

A-D.    Plaintiff makes no allegations in these paragraphs of the Complaint.

WHEREFORE, Defendants, Correctional Officers Murray, Brice and Pavalko hereby deny any liability to the Plaintiff and demand judgment in their favor and against the Plaintiff with an award of costs, attorney's fees and all other relief this Honorable Court deems appropriate.

### AFFIRMATIVE DEFENSES

Answering Defendants reserve the right to assert any and all applicable defenses to Plaintiff's claims.  To date, Answering Defendants have not obtained any discovery from Plaintiff or any other source in connection with this action and Answering Defendants reserve the right to amend or otherwise supplement this pleading on this basis.  Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of F.R.C.P. 8(c), and without conceding that any such defense must be set forth in their Answer, Answering Defendants assert the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of any Defendant violated any of Plaintiff's constitutional rights.

### THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

### FOURTH AFFIRMATIVE DEFENSE

At no time material hereto did Defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any acts or omissions by Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by the Plaintiff, although same are denied by Defendants, resulted solely from Plaintiff's voluntary, intentional and wrongful acts, not from any violations of his civil rights by Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by reason of Plaintiff's contributory negligence.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages, if any, is limited and/or barred by the applicable state constitution, by the Fourteenth, or Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

### TENTH AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. §1983.

### ELEVENTH AFFIRMATIVE DEFENSE

At no time material hereto were Defendants deliberately indifferent to the safety or constitutional rights of Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prisoner Litigation Reform Act, 42 U.S.C. §1997e(a), all defenses contained therein are incorporated herein by reference as if set forth fully at length herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by 28 U.S.C. §1915, all defenses contained therein are incorporated herein by reference as if set forth fully at length herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Political Subdivision Tort Claims Act 42 Pa. C.S.A. §8501 et seq.

WHEREFORE, Defendants, Correctional Officers Murray, Brice and Pavalko hereby deny any liability to the Plaintiff and demand judgment in their favor and against the Plaintiff with an award of costs, attorney's fees and all other relief this Honorable Court deems appropriate.

                          Respectfully submitted,

                          **THE MACMAIN LAW GROUP, LLC**

Date: February 19, 2019        By:    */s/ Matthew J. Connell*
                                                 Matthew J. Connell, Esquire
                                                 P.A. I.D. No. 80246
                                                 433 W. Market Street
                                                 Suite 200
                                                 West Chester, PA 19382
                                                 Tel: (484) 318-7803
                                                 Fax: (484) 328-3996
                                                 *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I, Matthew J. Connell, hereby certify that on this 19th day of February, 2019, the foregoing *Answer of Correctional Officers Murray, Brice and Pavalko to Plaintiff's Complaint with Affirmative Defenses* was filed electronically and is available for viewing and downloading from the ECF system of the United States District Court for the Eastern District of Pennsylvania.

The following party received notification of this filing via First Class Mail:

Smart Communications/PADOC
Vincent Bynum
Inmate ID No. NR0844
SCI Camphill
PO Box 33028
St Petersburg, FL 33733
*Plaintiff*

**THE MACMAIN LAW GROUP, LLC**

By:   */s/ Matthew J. Connell*
Matthew J. Connell, Esquire
P.A. I.D. No. 80246
433 W. Market Street
Suite 200
West Chester, PA 19382
Tel: (484) 318-7803
Fax: (484) 328-3996
*Attorney for Defendants*